IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| a municipal corporation, | ) |
| JOHN DOE POLICE OFFICER, | ) |
| A City of Chicago Police Officer, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Jurisdiction/Venue

1. This incident occurred on or about September 20, 2016 in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

### Parties

4. The Plaintiff, Jane Doe, a female, is a resident of Cook County, Illinois, located in the Northern District of Illinois.

5. The Plaintiff identifies as a lesbian, although she has children and maintains a relationship with her children's father, a witness in this matter.

6. Defendant City of Chicago is a municipal corporation and, at all times relevant to this Complaint, was the principal employer of the Defendant John Doe Police Officer, a male, who was acting under color of law and in the scope of his employment with Defendant City of Chicago as a duly sworn police officer. This officer will be referred to as "Defendant Officer" in this Complaint[1].

**Facts**

7. On or about September 21, 2016, Jane Doe and her children's father went to the District 5 Police Station at 727 E. 111th Street, Chicago, Illinois, to request that a warrant be issued against an individual related to a misdemeanor offense. Ms. Doe had filed a report over the phone on the previous Friday, September 16.

8. At the station, Ms. Doe and her children's father were directed to sit in a waiting room directly adjacent to the entryway metal detector. Two other individuals, whose identities are unknown, were also in the waiting room. One was a man, and one was an older woman.

9. After some time passed, the Defendant Officer entered the waiting room from the main lobby of the building, collected paperwork from each of the

---

[1] The Plaintiff is confident in the name and identity of the Defendant Officer, but will hold off for now naming the police officer until she obtains further documentation supporting his full name and badge number. The Plaintiff will seek to amend the complaint at a later date to name the Defendant Officer.

individuals waiting to file reports, and entered an office attached to the waiting room.

10. He then returned to the waiting room and discussed each individual's paperwork with them in the waiting room. At this time, the office door was open.

11. The Defendant Officer's manner was unusually jocular, energetic, and informal.

12. When he spoke to Ms. Doe about her report, he made several inappropriate comments, including but not limited to some of those outlined in this complaint.

13. The original report Ms. Doe filed over the phone indicated that she was 48 years old, when in fact she is 35. The Officer remarked, "You look too damn good to be 48 years old."

14. Upon learning that the incident Ms. Doe was complaining of had occurred at Taste Nightclub, the Defendant Officer stated that there were "fine females up in there."

15. Upon learning that the aggressor in the incident was Ms. Doe's girlfriend's ex-girlfriend, the Defendant Officer made inappropriate jokes toward Ms. Doe's children's father regarding Ms. Doe's sexual orientation.

16. The Defendant Officer also made fun of the way Ms. Doe said the word "February."

17. The Defendant Officer then told Ms. Doe that he needed to speak with her privately in his office. The father of Ms. Doe's children tried to accompany Ms. Doe, but the Defendant Officer did not allow him to join them. Once Ms. Doe entered the office, he closed the door behind them.

18. While alone in the office, the Defendant Officer said, "You're intriguing. There's something about you I like."

19. He then approached Ms. Doe from behind his desk and asked if she wanted to "get on his wall."

20. At that time, he grabbed Ms. Doe's left hand, causing an injury to that hand.

21. The Defendant Officer then grabbed her other arm, and pushed her against the wall.

22. While she was pressed against the wall, the Defendant Officer kissed Ms. Doe on the neck and groped her on the buttocks and the vagina.

23. While sexually battering Ms. Doe, the Defendant Officer made several sexually explicit remarks, including, "I bet you[r] pussy['s] fat," "What's your favorite sex position," and "You got my dick hard."

24. At this time, another unknown police officer knocked on the office door. The Defendant Officer returned to his chair and told him to come in.

25. The Defendant Officer told the second officer that he was busy, and to come back later. The second officer left, and while the door was open, Ms. Doe gathered her paper work and hurried from the room.

26. As she was leaving, the Defendant Officer told her that she had requested a warrant at the wrong police station, and needed to go to 63rd Street.

27. Given that the Defendant Officer had previously reviewed each individual's paperwork aloud in the waiting room, he should have been able to immediately inform Ms. Doe that she was at the wrong station, without taking her into his office. He did not take any of the other individuals present into his office.

28. At that time, Ms. Doe did not wish to cause a scene or risk her children's father becoming enraged at her victimization, so she left without saying anything.

29. As they reached the parking lot, Ms. Doe informed her children's father of what had occurred, and they proceeded directly to the 8th District Police Station at 3420 W. 63rd Street, Chicago, IL 60629.

30. There, they spoke with a desk officer about the report Ms. Doe wished to file against her girlfriend's ex-girlfriend. After the desk officer finished her report, Ms. Doe told her that she had been sexually assaulted by the Defendant Officer.

31. The desk officer spoke with a Sergeant, who interviewed Ms. Doe and made a report. He then left and returned with a Lieutenant and another Officer, who took another statement.

32. The Officers requested that Ms. Doe remain at the station to wait for Detectives from Internal Affairs.

33. Once the Detectives arrived, Ms. Doe gave a brief written narrative of what happened, then was interviewed by the Detectives.

34. She identified the Defendant Officer in a photospread lineup, and had a DNA swab taken of the part of her neck the Defendant Officer kissed.

35. Ms. Doe did not consent to any contact with the Defendant Officer, sexual or otherwise. His sexual assault of Ms. Doe, along with the accompanying harassing language, caused her injuries, including but not limited to physical, mental, pecuniary, and emotional injuries.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment

36. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

37. As described in the preceding paragraphs, the Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the type of misconduct at issue here, by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized, in that way directly encouraging future abuses such as those affecting the Plaintiff;

    i. On information and belief, the Defendant Officer has had at least 27 complaints filed against him, in the time periods from 2001 to 2008 and 2011 to 2015, a period of approximately 11 years.[2] The Defendant Officer joined the police force in June of 1986, over 30 years ago, meaning that, on information and belief, these 27 complaints represent less than half of his career. None of the 27 Complaints available for review at the Chicago Police Data Project have been sustained by the Department.

    ii. The Chicago Police Data Project database ends in September of 2015.

---

[2] Chicago Police Data Project. http://cpdb.co. Accessed September 22, 2016.

      iii. In the period from 2011 to September of 2015, the Defendant Officer has had 11 complaints filed against him, none of which were sustained, taking him into the "red zone" of police officers who have received the most citizen complaints.

      iv. According to the Chicago Police Data Project, 45% of complainants against Chicago Police Officers are women. Of the ten complaints from 2011 to 2015 in which the gender of the complainant was ascertainable, seven were filed by women—a rate of 70%.

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by the Plaintiff, but the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

    f.  Additionally, the manner in which the City of Chicago investigates its police officers is severely flawed. Those flaws include, but are not limited to the City of Chicago's refusal to consider prior misconduct allegations in determining whether to sustain complaints against a particular officer.

41. The misconduct described in this Count was undertaken by the Defendant within the scope of his employment and under color of law such that his employer, the City of Chicago, is liable for his actions.

42. As a result of the unjustified and unreasonable conduct of the Defendant Officers, as well as the City's policy and practice, the Plaintiff has suffered injuries, including but not limited to those described above.

### Count II – 42 U.S.C. § 1983
### Equal Protection

43. Each Paragraph of this Complaint is incorporated as if restated fully herein.

44. As described above, the Defendants denied the Plaintiff equal protection of the law in violation of her constitutional rights.

45. The misconduct described in this count was motivated by gender animus and constituted purposeful discrimination.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, the City of Chicago, is liable for his actions.

48. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

49. As a result of the misconduct described in this Count, the Plaintiff has suffered damages, including but not limited to those described above.

### Count III – 42 U.S.C. § 1983
### Substantive Due Process

50. Each Paragraph of this Complaint is incorporated as if restated fully herein.

51. As described more fully above, Defendants denied the Plaintiff due process of law in that they engaged in arbitrary government action that deprived her of her liberty and was so malfeasant as to shock the conscience.

52. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

53. The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, the City of Chicago, is liable for his actions.

54. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

55. As a result of the misconduct described in this Count, the Plaintiff has suffered damages, including but not limited to those described above.

### Count IV – 740 ILCS 82 *et seq.*

### Illinois Gender Violence Act

56. Each Paragraph of this Complaint is incorporated as if restated fully herein.

57. As described more fully above, the conduct of the Defendant Officer toward Ms. Doe constituted a physical intrusion of a sexual nature under coercive conditions. The Defendant Officer's actions constituted unjustified and offensive physical contact. His conduct proximately caused the Plaintiff injuries.

58. The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

59. The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, the City of Chicago, is liable for his actions.

60. As a result of the misconduct described in this Count, the Plaintiff has suffered damages, including but not limited to those described above.

### Count V – Assault and Battery

61. Each Paragraph of this Complaint is incorporated as if restated fully herein.

62. As described more fully above, the conduct of the Defendant Officer constituted unjustified and offensive physical contact against the Plaintiff, and placed the Plaintiff in imminent apprehension of further unjustified and offensive physical contact. This conduct caused the Plaintiff injuries.

63. The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

64. The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, the City of Chicago, is liable for his actions.

65. As a result of the misconduct described in this Count, the Plaintiff has suffered damages, including but not limited to those mentioned above.

## Count VI – State Law Claim
## Respondeat Superior

66. Each Paragraph of this Complaint is incorporated as if restated fully herein.

67. In committing the acts alleged in the preceding paragraphs, the Defendant Officer was a member and agent of the Chicago Police Department acting at all relevant times within the scope of his employment.

68. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count VII – Indemnification

69. Each of the foregoing paragraphs is incorporated as if restated fully herein.

70. Illinois law requires public entities to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

71. The Defendant Officer is or was an employee of the Chicago Police Department, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, JANE DOE, respectfully requests that this Court enter judgment in her favor and against the Defendants, the CITY OF CHICAGO and JOHN DOE POLICE OFFICER, awarding compensatory damages and attorneys' fees, as well as punitive damages against the Defendant Officer, as well as any other relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: September 22, 2016

Respectfully Submitted,

/s/ Richard Dvorak
Richard Dvorak,
Attorney for the Plaintiff

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com